Mitchell **FIELDS,** Petitioner–Appellant,

v.

Jackie **CRAWFORD,** Respondent–Appellee.

No. 03–16954.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Oct. 8, 2004.

---

John C. Lambrose, Office of the Federal Public Defender, Las Vegas, NV, for Petitioner–Appellant.

Aimee E. Banales, Esq., Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before OAKES,* KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Fields's challenge to the entry of his guilty plea fails because the state determination was not contrary to nor an unreasonable application of *Boykin v. Alabama*,[1] as 28 U.S.C. § 2254(d) would require for a writ. He got the advice *Boykin* requires.

 Fields's challenge to his conviction based on counsel's putative ineffectiveness also fails because the state court determination was not contrary to nor an unreasonable application of *Strickland v. Washington*,[2] as 28 U.S.C. § 2254(d) would require for a writ. The defense theory,

---

* The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that counsel failed to investigate, would have been of no help to Fields. It is not a defense to the crimes charged that the victims were crack addicts, were acquaintances of Fields, had promised to exchange sex for crack, or on other occasions participated in consensual sex with him. Nor does Fields make a colorable showing that he was incompetent to enter a plea and that his lawyer should have known of his incompetence. All he showed was that he was taking prescribed medication to improve his mental state. He did not show that he was so impaired that he was incompetent to enter a plea. Nor did he show that his lawyer knew of any alleged incompetence.

## AFFIRMED

1. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).